United States District Court
Southern District of Texas
**ENTERED**
May 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHAD WAYNE CARRIKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-00046 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Chad Wayne Carriker is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is currently incarcerated at the John B. Connally Unit in Kenedy, Texas. Proceeding *pro se*, Carriker filed an original *habeas corpus* petition pursuant to 28 U.S.C. § 2254 on September 23, 2021.[1] (D.E. 1). Carriker raises a claim that he was denied effective assistance of counsel. Respondent filed a motion for summary judgment contending that the § 2254 petition was untimely, to which Carriker has not responded. (D.E. 8). As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Carriker's § 2254 petition be dismissed as untimely. It is further recommended that a Certificate of Appealability ("COA") be denied.

---

[1] Although Carriker failed to state under penalty of perjury when he placed his petition in the prison mail system, the petition is post-marked September 23, 2021, and it is considered filed as of that date. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998), and Rule 3, Rules Governing Section 2254 Cases.

## I.    JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Carriker was convicted in DeWitt County, Texas.  28 U.S.C. § 2254(a); 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

## II.    BACKGROUND

### a.    Petition and Claims

In his petition, Carriker asserts that he is entitled to relief because trial counsel was ineffective during all phases of the proceedings, to include pre-trial, plea bargaining, and post-conviction proceedings.  (D.E. 1 at 6-7).  Carriker also asserts that his counsel's representation was so "flawed and defective" that Carriker was induced to plead guilty to a lesser-included offense, believing that he would be eligible for parole sooner.  However, he argues that his overall sentence was ultimately increased by 15 years.  (*Id.*).

### b.    State Court Records

In July 2008, Carriker was charged in an indictment with two counts of aggravated robbery, enhanced as a repeat offender with two prior felony convictions, in violation of Tex. Penal Code § 29.03.  (D.E. 7-12 at 5-6).  On September 17, 2009, after Carriker pleaded guilty the lesser-included offense of robbery, the state court sentenced him to forty (40) years' imprisonment.  (D.E. 7-12 at 18-19).  Carriker did not file a direct appeal.

In May 2021, Carriker filed a Rule 11.07 application raising the same claims as he raises in his current petition.  (D.E. 7-12 at 27-29, 37).  On July 14, 2021, the Texas Court of Criminal Appeals ("TCCA") denied the application without written order.  (D.E. 7-10).

## III.    DISCUSSION

In the motion for summary judgment, Respondent argues that Carriker's petition is untimely because the one-year statutory limitations period under 28 U.S.C. § 2244(d) expired on October 19, 2010, one year after his time for seeking direct review expired. (D.E. 8 at 6-7).  Respondent asserts that none of the other provisions of § 2244(d) apply to Carriker's claim.  (*Id.* at 6).  Respondent argues that Carriker is not entitled to any statutory tolling because he did not timely file a state habeas application prior to the expiration of the limitations period.  (*Id.* at 7).  Moreover, Respondent argues that Carriker is not entitled to equitable tolling because he has not been diligent in pursuing his claim.  (*Id.* at 7-10). Respondent argues that Carriker's present petition is almost eleven (11) years too late. (*Id.*).

Carriker has not filed a response.

A one-year limitation period applies to an application for a writ of habeas corpus filed by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.  *Id.* § 2244(d)(1).

A notice of direct appeal of a criminal conviction must be filed within 30 days after the sentence is imposed. Tex. R. App. P. 26.2(a).

The time during which a properly filed state collateral review application is pending is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2). A state habeas petition filed after the limitation period ends does not toll the limitation period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The timeliness provision in § 2244(d) is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 634 (2010). A petitioner is entitled to equitable tolling only if he can show that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstance stood in his way. *Id.* at 649. Such a circumstance exists where, for example, the plaintiff was misled by the defendant about the cause of action or was otherwise prevented in some extraordinary way from asserting his rights. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002). A standard claim of excusable neglect is insufficient. *Id.* Ignorance of the law generally does not excuse prompt filing, even for a *pro se* prisoner. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). The failure to satisfy the limitation period must result from "external factors" beyond the petitioner's control, and delays caused by the petitioner do not qualify. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

Here, Carriker's § 2254 petition is untimely, and he has not established that he is entitled to statutory or equitable tolling. He had 30 days to file a direct appeal following the imposition of the sentence. Tex. R. App. P. 26.2(a). Because he did not file a direct appeal, his conviction became final at the expiration of those 30 days on October 19, 2009. (*See* D.E. 7-12 at 18-19). His time to file a § 2254 petition expired one year later on

4

October 19, 2010.  28 U.S.C. § 2244(d)(1).  Thus, his present petition was filed almost 11 years after the expiration of the limitations period.  None of the other potential start dates for the limitations period appear to apply based on the claims in the petition.  As to statutory tolling, Carriker did not file his Article 11.07 application until after the expiration of the limitations period, and it therefore did not toll the limitations period.  *Scott*, 227 F.3d at 263.

Finally, Carriker has not established that he is entitled to equitable tolling because he has not shown any extraordinary circumstance that prevented him from filing his § 2254 petition earlier.  *Holland*, 560 U.S. at 649.  In his petition, Carriker concedes that "AEDPA is valid, and … the time tolling of 12 months is also valid," but appears to contend that his claims are not subject to the one-year limitations period because he is raising a constitutional claim of ineffective assistance of counsel.  (D.E. 1 at 9).  However, the one-year limitations period is applicable to his claims.  Carriker has at best raised claims of excusable neglect, but excusable neglect is insufficient to establish that a prisoner is entitled to equitable tolling.  *Lookingbill*, 293 F.3d at 264.  Accordingly, Carriker has not established that he is entitled to equitable tolling, and his petition is untimely.

### IV.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Carriker has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (stating that a district court may *sua sponte* rule on a COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where a district court rejects the claims on procedural grounds, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not find it debatable that Carriker's claims are time-barred. Therefore, it is further recommended that any request for a COA be denied because he has not made the necessary showing for such issuance.

## V.   RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment (D.E. 8) be **GRANTED**. Carriker's § 2254 petition should be **DISMISSED** as untimely. In addition, it is further recommended that any request for a Certificate of Appealability be **DENIED**.

Respectfully submitted on May 2, 2022.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).